UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNIOUS NIELSEN,<br><br>                          Plaintiff,<br><br>-against-<br><br>HIGH SIERRA POOLS, INC.,<br><br>                          Defendant. | 23-CV-6742 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Junious Nielsen, who resides in Webster, New York, brings this *pro se* action under the Americans with Disabilities Act ("ADA"), alleging that his former employer discriminated against him because of his disabilities. The named Defendant, High Sierra Pools, Inc., is also located in Webster, New York. For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

## DISCUSSION

Plaintiff's claim under Title I of the ADA may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (venue provision for claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII")); *see* 42 U.S.C. § 12117 (incorporating by reference, Title VII's venue provision for claims brought under Title I of the ADA).

Under this venue provision, this court and every other federal district court within the State of New York are proper venues for Plaintiff's ADA claim, based on Plaintiff's allegations that his employer is located in Monroe County and therefore: (1) the allegedly discriminatory conduct occurred in the State of New York, likely in Monroe County; (2) Plaintiff's employment records are located in Monroe County; and (3) Plaintiff would have worked in Monroe County but for the alleged discrimination.

Plaintiff's allegations could also be construed as arising under the New York State Human Rights Law ("NYSHRL"). *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint"). Venue for Plaintiff's NYSHRL claim is governed by 28 U.S.C. § 1391. Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (28)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391©(1), (2).

Plaintiff alleges that Defendant resides in Monroe County, which is located within the Western District of New York. *See* 28 U.S.C. § 112(d). Because Plaintiff alleges that Defendant discriminated against him, the events giving rise to his claims likely occurred at his employer's office, which is located in Monroe County. Venue for Plaintiff's NYSHRL claim under Section 1391(b)(1) and (b)(2) is therefore proper in the Western District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer to the Western District of New York appears to be appropriate in this case. The underlying events occurred in the Western District of New York, which is where all parties reside. It is likely that relevant documents and other sources of evidence, including witnesses, are located in the Western District of New York. Moreover,

Plaintiff's choice of forum in the Southern District is afforded less weight because Plaintiff does not reside here, and the complaint does not allege any nexus to this District. *See Iragorri*, 274 F.3d at 72.

The Western District of New York is a proper venue for all of Plaintiff's claims. Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 3, 2023
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge